**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Case No. 16-cv-01546-CMA
Criminal Case No. 13-cr-00277-CMA

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.

DEVAN COREY,

      Defendant-Movant.

---

**ORDER DENYING DEFENDANT'S MOTION TO VACATE AND GRANTING**
**DEFENDANT'S MOTION FOR RECONSIDERATION**

---

This matter comes before the Court upon Defendant Devan Corey's Motion to

Vacate Sentence Pursuant to 28 U.S.C. § 2255 ("Section 2255") (Doc. # 40) and his

Motion for Reconsideration of the Court's Order Denying his Motion to Withdraw as

Counsel (Doc. # 49). For the following reasons, the Court DENIES Mr. Corey's Motion to

Vacate Sentence Pursuant to Section 2255 (Doc. # 40), GRANTS his Motion for

Reconsideration (Doc. # 49), VACATES its April 26, 2018 Order Denying the Motion to

Withdraw as Counsel (Doc. # 48), and GRANTS the Motion to Withdraw as Attorney

(Doc. # 47).

## I.    <u>BACKGROUND</u>

On January 16, 2014, Mr. Corey pleaded guilty to two counts: one count of

misprision of a felony,[1] in violation of 18 U.S.C. § 4, one count of brandishing or

discharging a firearm in furtherance of a crime of violence and aiding and abetting in the

same, in violation of and 18 U.S.C. § 924(c)(1)(A)(iii), where the crime of violence was

armed bank robbery.[2] (Doc. # 24.) As a result of Mr. Corey's conviction under Section

924(c)(1)(A)(iii) for brandishing or discharging a firearm during a crime of violence as well

as aiding and abetting in the same, this Court imposed the statutory mandatory minimum

sentence of imprisonment of ten years (120 months). *See* (Doc. # 38.) Mr. Corey was

therefore sentenced to a total term of 156 months for his convictions. (*Id.*)

On June 20, 2016, Mr. Corey, represented by the Federal Public Defender, filed

the instant Motion to Vacate Sentence Pursuant to Section 2255, asserting that he is

entitled to relief under *Johnson v. United States,* 135 S. Ct. 2551 (2015), in which the

Supreme Court found the residual clause of the Armed Career Criminal Act to be

unconstitutionally vague. (Doc. # 40.) The Armed Career Criminal Act required a

sentencing increase where a defendant had three prior drug crimes or violent felonies,

and its residual clause defined "violent felony" to include any offense that "involves

conduct that presents a serious potential risk of physical injury to another." 18 U.S.C.

§ 924(e)(2)(B). Mr. Corey argues that the unconstitutional residual clause at issue in

---

[1] Misprision of a felony occurs when whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals the crime and does not notify the proper authorities. 18 U.S.C. § 4.

[2] The Court notes Mr. Corey was not convicted of the predicate crime of violence of armed bank robbery. Nonetheless, Mr. Corey admitted in his plea agreement that he "committed the crime of Armed Bank Robbery of the US Bank… [which] is a crime of violence." (Doc. # 24 at 3.) The Court, therefore, analyzes whether armed bank robbery is a crime of violence in relation to his conviction for discharging a firearm and aiding and abetting in the furtherance of crime of violence.

*Johnson* is the same as the residual clause found in Section 924(c)(3)(B). (Doc. # 40.)

For purposes of 18 U.S.C. § 924(c)(1), the term "crime of violence" has two definitions. First, 18 U.S.C. § 924(c)(3)(A)—the "elements" clause—includes in the definition any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Second, 18 U.S.C. § 924(c)(3)(B)—the "residual clause" clause—includes in the definition any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *United States v. Wade*, 719 F. App'x 822, 825–26 (10th Cir. 2017).

First, Mr. Corey asserts that aiding and abetting a federal bank robbery does not qualify as a crime of violence under the elements clause in Section 924(c)(3)(A). (*Id.* at 2–9.) He therefore reasons that his Section 924(c) conviction is based on that statute's residual clause (Section 924(c)(3)(B)). Second, Mr. Corey contends that *Johnson* invalidates Section 924(c)(3)(B)'s residual clause as unconstitutionally vague. (*Id.* at 9–12.) He therefore asks the Court to vacate his conviction under Section 924(c). (*Id.* at 12.)

The Government responded to Mr. Corey's Motion to Vacate Sentence Pursuant to Section 2255 on August 31, 2016. (Doc. # 43.) Mr. Corey replied in support of his Motion on September 29, 2016. (Doc. # 44.)

## II.    <u>DEFENDANT'S MOTION TO VACATE</u>

Mr. Corey's argument can be summarized as follows:

1. Armed bank robbery is not a "crime of violence" as that term is defined in the

elements clause located at Section 924(c)(3)(A);

2. Thus, his conviction for brandishing or discharging a firearm in relation to a crime of violence and aiding and abetting in the same was necessarily based on the residual clause contained in Section 924(c)(3)(B);

3. The residual clause was invalidated by the Supreme Court's 2015 decision in *Johnson*; and

4. Therefore, his conviction under the residual clause is in violation of *Johnson* and must be vacated because it violates his due process rights.

(Doc. # 40 at 2–12.)

As an initial matter, the Court addresses Mr. Corey's argument that "aiding and abetting" an armed bank robbery does not qualify as a violent felony predicate offense to his Section 924(c)(1)(A) conviction. 18 U.S.C. § 2 provides, "whoever commits an offense against the United States or aids, [or] abets . . . is punishable as a principal."

"To be liable for aiding and abetting, a defendant must (1) willfully associate himself with the criminal venture, and (2) seek to make the venture succeed through some action of his own." *United States v. Bowen*, 527 F.3d 1065, 1078 (10th Cir. 2008). When Mr. Corey pleaded guilty to count two of the indictment, he admitted that (1) he intentionally committed the crime of armed bank robbery, and (2) he used or carried a firearm during and in relation to the bank robbery. (Doc. # 24 at 2–3.) Therefore, Mr. Corey is punishable as though he had committed the armed robbery himself.

Next, the Court addresses whether armed bank robbery is a predicate offense. Mr.

4

Corey's argument that armed bank robbery is not a predicate offense under the elements clause in Section 924(c) fails in light of the Tenth Circuit's recent decision in *United States v. Ontiveros*, 875 F.3d 533 (10th Cir. 2017) (overruling *United States v. Rodriguez-Enriquez*, 518 F.3d 1191,1194 (10th Cir. 2008)). *Ontiveros* held that any offense that requires a defendant to cause, attempt to cause, or threaten to cause physical pain or injury qualifies as a violent felony predicate offense. 875 F.3d at 538. The assumption on which Mr. Corey's argument rests—that the elements clause of Section 924(c) does not apply to his predicate offense of armed bank robbery—is without merit subsequent to *Ontiveros*. *See United States v. Higley*, 726 F. App'x 715, 717 (10th Cir. 2018) (holding that [defendant's] "conviction for armed bank robbery nonetheless constitutes a "crime of violence" under the alternate, elements-based definition in § 924(c)(3)(A).").

Further, because Mr. Corey's conviction is for aiding and abetting a "crime of violence" under Section 924(c)(3)(A), the Court does not need to address the unconstitutional residual clause found in Section 924(c)(3)(B). *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018) (finding "Section 924(c)(3)(B) is . . . unconstitutionally vague.").

Mr. Corey therefore has no claim to habeas relief based on *Johnson*. Accordingly, the Court denies his Motion to Vacate Sentence Pursuant to Section 2255. (Doc. # 40.)

## I.    <u>CONCLUSION</u>

For these reasons, the Court ORDERS as follows:

1. Defendant's Motion to Vacate Sentence Pursuant to Section 2255 (Doc. # 40) is DENIED.

2. Defendant's Motion for Reconsideration (Doc. # 49) is GRANTED.

3. The April 26, 2018 Order Denying the Motion to Withdraw as Counsel (Doc. # 48) is VACATED.

4. The Court GRANTS Defendant's Motion to Withdraw as Attorney (Doc. # 47).


DATED:  October 9, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge